UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MIKE JOSIE,                                        Case No. 21 CV 2486

            Plaintiff,                          (ARR) (RER)

     -against-                                   **AMENDED COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE            JURY DEMAND
ANDREW HUNT [SHIELD #416], SERGEANT
SCOTT MILLER [SHIELD #29322], SERGEANT
ROBERT H. MAMYS [SHIELD #5563], P.O.
ANTHONY DAVILA [SHIELD #14220], P.O.
MICHAEL ZWEIFLER [SHIELD #14406],
SERGEANT JOHN ZANCA [SHIELD #1700], P.O.
PATRICK O. REILLY [SHIELD #16493], P.O.
JARRETT NADAL [SHIELD #19273], P.O.
DANIEL ATHERLEY [SHIELD #1422],
SERGEANT JASON REISGERZOG [SHIELD
#4576], and JOHN DOE AND JANE DOE #1-6
(the names John and Jane Doe being fictitious,
as the true names are presently unknown),
               Defendants.
-------------------------------------------------------------------X

Plaintiff, MIKE JOSIE, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Andrew Hunt [Shield #416], Sergeant Scott Miller [Shield #29322], Sergeant Robert H. Mamys [Shield #5563], P.O. Anthony Davila [Shield #14220], P.O. Michael Zweifler [Shield #14406], Sergeant John Zanca [Shield #1700], P.O. Patrick O. Reilly [Shield #16493], P.O. Jarrett Nadal [Shield #19273], P.O. Daniel Atherley [Shield #1422], Sergeant Jason Reisgerzog [Shield #4576], and John Doe and Jane Doe #1-6 (collectively, "Defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1.       This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to

the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

<u>COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS</u>

4. Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

<u>THE PARTIES</u>

6. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

7. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9. Defendant Detective Andrew Hunt [Shield #416] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant Sergeant Scott Miller [Shield #29322] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant Sergeant Robert H. Mamys [Shield #5563] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant P.O. Anthony Davila [Shield #14220] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendant P.O. Michael Zweifler [Shield #14406] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14.     Defendant Sergeant John Zanca [Shield #1700] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

15.     Defendant P.O. Patrick O. Reilly [Shield #16493] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

16.     Defendant P.O. Jarrett Nadal [Shield #19273] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

17.     Defendant P.O. Daniel Atherley [Shield #1422] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

18.     Defendant Sergeant Jason Reisgerzog [Shield #4576] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

19.     Defendants John Doe and Jane Doe #1-6 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

20.     Defendants Hunt, Miller, Mamys, and John Doe and Jane Doe are collectively referred to herein as "Hunt defendants".

21.     Defendants Davila, Zweifler, Zanca, and John Doe and Jane Doe are collectively referred to herein as "Davila defendants".

3

22.     Defendants Reilly, Nadal, Atherley, Reisgerzog, and John Doe and Jane Doe are collectively referred to herein as "Reilly defendants".

23.     Hunt defendants, Davila defendants, Reilly defendants, and John Doe and Jane Doe #1-6 are collectively referred to herein as "defendant officers".

24.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The June 26, 2019, Incident

25.     On June 26, 2019, at approximately 6:00 a.m., Hunt defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of his home which is located at 354 Bristol Street, Apt. B, Brooklyn, New York, and charged plaintiff with various crimes including two counts of N.Y. PL 155.30(1) 'Grand larceny in the fourth degree'.

26.     Plaintiff, however, did not steal any property, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

27.     Initially, Hunt defendants forced their way into the plaintiff's home damaging and/or destroying the plaintiff's properties and waking him up from sleep in the process.

28.     Upon entry, Hunt defendants immediately rushed towards plaintiff with their guns directly pointed at him yelling, grabbing, pushing, shoving, and pulling him in the process.

29.     Eventually, plaintiff was tightly handcuffed with his hands placed behind his back causing the plaintiff to experience pain and numbness.

30.     Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

31.     Plaintiff pleaded with Hunt defendants to remove or loosen the handcuffs.

32.     Hunt defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

33.     Hunt defendants subjected the plaintiff to an illegal search.

34.     Hunt defendants' illegal search of the plaintiff did not yield any contraband.

35.     Notwithstanding, Hunt defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-88th Precinct.

36.     While at the precinct, Hunt defendants subjected the plaintiff to an illegal and unlawful search.

37.     Hunt defendants' illegal search of the plaintiff did not yield any contraband.

38.     Hunt defendants interrogated the plaintiff at the precinct for a lengthy period of time asking him questions about guns and gangs.

39.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

40.     At some point following his arrest, Hunt defendants met with prosecutors employed by the Kings County District Attorney's Office.

41.     During this meeting, Hunt defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

42.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

43.     On or about June 27, 2019, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with various crimes including two counts of N.Y. PL 155.30(1) 'Grand larceny in the fourth degree', N.Y. PL 165.45(1) 'Criminal possession of stolen property in the fourth degree', N.Y. PL 155.25 'Petit larceny', and N.Y. PL 165.40 'Criminal possession of stolen property in the fifth degree'.

44.     Plaintiff was eventually released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

45.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

46.     On or about October 31, 2019, the false charges levied against plaintiff were summarily dismissed by the prosecutors because of the lack of any evidence supporting the charges against the plaintiff.

The August 1, 2019, Incident

47.     On August 1, 2019, at approximately 1:00 a.m., Davila defendants, acting in concert, arrested plaintiff without cause at or close to the corner of Throop Avenue and Madison Street, Brooklyn, New York, and charged plaintiff with various crimes including N.Y. PL 155.30(8) 'Grand larceny in the fourth degree', N.Y. PL 165.45(1) 'Criminal possession of stolen property in the fourth degree', N.Y. PL 165.05(1) 'Unauthorized use of a vehicle in the third degree', and N.Y. PL 120.20 'Reckless endangerment in the second degree'.

48.     Plaintiff, however, did not steal any property, was not in possession of any stolen property, did not use any vehicle without authorization, did not engage in any reckless conduct, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

49.     Prior to the arrest, plaintiff had hitched a bike ride from his friend to get to another friend's house.

50.     Plaintiff eventually hopped off the bike upon getting close to his destination.

51.     As soon as plaintiff got off the bike, he was bum-rushed by Davila defendants.

52.     Davila defendants proceeded to forcibly grab the plaintiff and tightly handcuffed him with his hands placed behind his back causing the plaintiff to sustain cuts and bruises on his wrists and arms.

53.     Davila defendants then proceeded to forcibly push the plaintiff down to the floor and held him down with their feet on his back, pinning him face down to the floor.

54.     Plaintiff enquired as to the reason for the arrest.

55.     Davila defendants ignored the plaintiff's inquiries.

56.     Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

57.     Plaintiff pleaded with Davila defendants to remove or loosen the handcuffs.

58.     Davila defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

59.      Davila defendants subjected the plaintiff to an illegal search.

60.      Davila defendants' illegal search of the plaintiff did not yield any contraband.

61.      Notwithstanding, Davila defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-79th Precinct.

62.      While at the precinct, Davila defendants subjected the plaintiff to an illegal and unlawful search.

63.      Davila defendants' illegal search of the plaintiff did not yield any contraband.

64.      Nonetheless, Davila defendants continued to detain the plaintiff at the precinct.

65.      Davila defendants ceaselessly interrogated the plaintiff during his arrest and detention asking him questions about guns and gangs.

66.      Plaintiff requested Davila defendants to transport him to the hospital for treatment for his injuries.

67.      Davila defendants refused the plaintiff's entreaties.

68.      After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

69.      At some point following his arrest, Davila defendants met with prosecutors employed by the Kings County District Attorney's Office.

70.      During this meeting, Davila defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

71.      Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

72.      The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by the plaintiff.

73.      As a result, the prosecutors declined to prosecute the plaintiff.

74.      After detaining the plaintiff for a lengthy period of time, defendant officers summarily released the plaintiff from his unlawful detention.

The December 30, 2020, Incident

75.     On December 30, 2020, at approximately 6:30 a.m., Reilly defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of his home which is located at 354 Bristol Street, Apt. B, Brooklyn, New York, and charged plaintiff with various crimes including N.Y. PL 160.05 'Robbery in the third degree'.

76.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

77.     Initially, Reilly defendants forced their way into the plaintiff's home damaging and/or destroying the plaintiff's properties and waking him up from sleep in the process.

78.     Upon entry, Reilly defendants immediately rushed towards plaintiff with their guns directly pointed at him yelling, grabbing, pushing, shoving, and pulling him in the process.

79.     Eventually, plaintiff was tightly handcuffed with his hands placed behind his back causing the plaintiff to experience pain and numbness.

80.     Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

81.     Plaintiff pleaded with Reilly defendants to remove or loosen the handcuffs.

82.     Reilly defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

83.     Reilly defendants subjected the plaintiff to an illegal search.

84.     Reilly defendants' illegal search of the plaintiff did not yield any contraband.

85.     Notwithstanding, Reilly defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-79th Precinct.

86.     While at the precinct, Reilly defendants subjected the plaintiff to an illegal and unlawful search.

87.     Reilly defendants' illegal search of the plaintiff did not yield any contraband.

88.     Reilly defendants interrogated the plaintiff at the precinct for a lengthy period of time asking him questions about guns and gangs.

89.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

90.     At some point following his arrest, Reilly defendants met with prosecutors employed by the Kings County District Attorney's Office.

91.     During this meeting, Reilly defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

92.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

93.     On or about December 31, 2020, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with various crimes including N.Y. PL 160.05(1) 'Robbery in the third degree', N.Y. PL 155.25 'Petit larceny', N.Y. PL 165.40 'Criminal possession of stolen property in the fifth degree', N.Y. PL 110/120.00(1) 'Attempted Assault in the third degree', N.Y. PL 120.15 'Menacing in the third degree', and N.Y. PL 240.26(1) 'Harassment in the second degree'.

94.     Plaintiff was eventually released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

95.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

96.     On or about April 20, 2021, the false charges levied against plaintiff were summarily dismissed by the prosecutors because of the lack of any evidence supporting the charges against the plaintiff.


Various other arrests by defendant officers assigned to NYPD-79th Precinct

97.     Upon information and belief, many police officers assigned to NYPD-79th Precinct, which covers the plaintiff's neighborhood, are familiar with the plaintiff and his friends and family.

98.     Defendant officers would often stop, frisk, and detain the plaintiff and his friends and family whenever they run into them, and would threaten and/or

call out the plaintiff and his friends and family by name on the rare occasions when they do not stop or detain them.

99.    On May 8, 2019, July 1, 2019, August 28, 2019, and on various other dates, some of which were captured on video, defendant officers unlawfully stopped, frisked, detained, and/or arrested the plaintiff and his friends and family at various locations within the confines of NYPD-79th Precinct.

100.    One of the plaintiff's friends named Eddie Hoover has also commenced action against the defendants in this Court for similar arrests and incidents as those complained of herein which is currently pending under Docket No. 21 CV 2484, with some of the named individual defendants also named in his said action.

101.    Upon information and belief, the June 26, 2019 unlawful arrest was based upon information obtained from officers assigned to NYPD-79th Precinct.

102.    With respect to the August 28, 2019 unlawful arrest, defendant officers eventually caused a legal process to be issued to the plaintiff requiring him to appear in the criminal court to defend the false charge(s) levied against him.

103.    Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charge(s) levied against him.

104.    On or about November 29, 2019, the false charge(s) levied against plaintiff were summarily dismissed.

105.    Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

106.    Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

107.    As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation,

shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

108.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 107 of this complaint as though fully set forth herein.

109.     Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

110.     The conduct of defendant officers, as described herein, amounted to false arrest.

111.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

112.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against Hunt defendants and Reilly defendants

113.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 112 of this complaint as though fully set forth herein.

114.     Defendant officers forwarded to the prosecutors their falsified records and statements.

115.     Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

116.     Plaintiff was arraigned on a criminal court complaint sworn to by Hunt defendants and Reilly defendants falsely charging the plaintiff with crime(s).

117.     Plaintiff was required to, and did, appear in court to defend himself from the false charge(s) levied against him with malice by said defendants.

118.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

119.     Eventually, because the defendants did not have any evidence supporting the charges against the plaintiff, the criminal proceedings terminated in the plaintiff's favor.

120.     The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to malicious prosecution.

121.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

122.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Hunt defendants and Reilly defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against Hunt defendants and Reilly defendants

123.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 122 of this complaint as though fully set forth herein.

124.     Hunt defendants and Reilly defendants manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

125.     The plaintiff was deprived of his liberty as a result.

126.     The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

127.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

128.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Hunt defendants and Reilly defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

129.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 128 of this complaint as though fully set forth herein.

130.     Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of his person and property.

131.     The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

132.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

133.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

134.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 133 of this complaint as though fully set forth herein.

135.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

136.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

137.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

SIXTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against Davila defendants

138.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 137 of this complaint as though fully set forth herein.

139.     Davila defendants denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

140.     Such conduct described herein violated plaintiff's due process rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

141.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Davila defendants, individually and severally.

SEVENTH CAUSE OF ACTION: UNLAWFUL ENTRY - against Hunt defendants and Reilly defendants

142.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 141 of this complaint as though fully set forth herein.

143.     The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to unlawful entry.

144.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

145.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Hunt defendants and Reilly defendants, individually and severally.

EIGHTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

146.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 145 of this complaint as though fully set forth herein.

147.     Defendant officers routinely harass the plaintiff and his friends and family, and have refused to conduct any investigations concerning the plaintiff's complaints simply because he is a member of a racial/ethnic minority group.

148.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

149.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

150.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 149 of this complaint as though fully set forth herein.

151.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

152.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

153.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

154.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

TENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

155.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 154 of this complaint as though fully set forth herein.

156.     In an effort to find fault to use against the plaintiff who is an African American, defendant officers met with themselves and with several other individuals on numerous occasions (including, but not limited to, the dates of arrest) and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

157.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

158.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

ELEVENTH    CAUSE    OF    ACTION:    FAILURE    TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

159.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 158 of this complaint as though fully set forth herein.

160.    Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

161.    Defendant City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

162.    Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

163.    For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

164.    In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

165.    Notably, numerous civil rights complaints filed in this district have similarly alleged that police officers in those cases, including some of the named police officers herein, routinely harass, wrongfully arrest, illegally stop, frisk, search, seize, abuse, humiliate, degrade and/or maliciously prosecute individuals who are members of various racial/ethnic minority groups, and that the defendants have refused to conduct any investigations concerning their complaints simply because of their membership of the racial/ethnic minority groups. *See*, *e.g.*, *Eddie Hoover v. City of New York* (21 CV 2484); *Shaheim Rogers v. City of New York* (19 CV 3360); *Sianna Stewart v. City of New York* (18 CV 4841).

166.    Defendant City has failed to take reasonable steps to control racial profiling and lying by police officers and, instead, has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause. *See*, *e.g.*, *Trevonne King v. City of New York* (19 CV 3361); *Shaheim Rogers v. City of New York* (19 CV 3360); *Mondaray Whitaker v. City of New York* (18 CV 6897); *Warren Monk v. City of New York* (18 CV 6458); *Sianna Stewart v. City of New York* (18 CV 4841); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Jimmy*

*Wilson v. City of New York* (15 CV 6326); *Donnell Jackson v. City of New York* (15 CV 4109); *Crystal Whitfield v. City of New York* (14 CV 6085).

167.     Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

168.     As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

169.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

170.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

171.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TWELFTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

172.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 171 of this complaint as though fully set forth herein.

173.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

174.    In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

175.    The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

176.    Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

THIRTEENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) -
against defendants

177.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 176 of this complaint as though fully set forth herein.

178.    The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

179.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against Hunt defendants, Reilly defendants, and defendant City

180.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 179 of this complaint as though fully set forth herein.

181.     The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to malicious prosecution.

182.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the aforesaid defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

183.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 182 of this complaint as though fully set forth herein.

184.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

185.     The conduct of the defendants, as described herein, amounted to assault and battery.

186.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTEENTH CAUSE OF ACTION: TORTS (TRESPASS) - against Hunt defendants, Reilly defendants, and defendant City

187.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 186 of this complaint as though fully set forth herein.

188.     Hunt defendants and Reilly defendants unlawfully entered into plaintiff's premises.

189.    Hunt defendants and Reilly defendants performed an unlawful search of the premises, and subjected plaintiff to an unreasonable search and seizure.

190.    The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to trespass.

191.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the aforesaid defendants, individually and severally.

SEVENTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

192.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 191 of this complaint as though fully set forth herein.

193.    The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

194.    Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

195.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

196.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 195 of this complaint as though fully set forth herein.

197.    Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or

assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

198.     Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

199.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

200.     Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

201.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

202.     Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      November 15, 2021

          UGO UZOH, P.C.


             *Ugochukwu Uzoh*

By:     Ugochukwu Uzoh
        Attorney for the Plaintiff
        56 Willoughby Street, Third Floor
        Brooklyn, N.Y. 11201
        Tel. No: (718) 874-6045
        Fax No: (718) 576-2685
        Email: u.ugochukwu@yahoo.com