UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MIKE JOSIE,                                            Case No. 21 CV 2486

                Plaintiff,                    (ARR) (RER)

     -against-                                   **SECOND AMENDED
                                                  COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE ANDREW
HUNT [TAX REG. #941921], SERGEANT SCOTT A.          JURY DEMAND
MILLER [TAX REG. #944125], SERGEANT ROBERT
H. MAMYS [TAX REG. #913983], DETECTIVE
ANTHONY DAVILA [TAX REG. #956571],
DETECTIVE MICHAEL G. ZWEIFLER [TAX REG.
#961483], SERGEANT JOHN J. ZANCA [TAX REG.
#952366], DETECTIVE PATRICK O. REILLY [TAX
REG. #957993], DETECTIVE JARRETT E. NADAL
[TAX REG. #958970], DETECTIVE DANIEL J.
ATHERLEY [TAX REG. #956399], SERGEANT JASON
A. REISGERZOG [TAX REG. #955370], DETECTIVE
JOHNATHAN R. DIAS [TAX REG. #955877],
DETECTIVE HARRY J. HUGHES [TAX REG.
#954947], DETECTIVE CHRISTOPHER HOSEIN [TAX
REG. #959417], SERGEANT RICHARD P. SAGISTANO
[TAX REG. #939402], DETECTIVE CHRISTOPHER M.
FEELY [TAX REG. #948956], DETECTIVE JONATHAN
E. BURTT [TAX REG. #960298], DETECTIVE
CHRISTOPHER V. DEGIORGIO [TAX REG. #961730],
DETECTIVE VILLEGAS, SERGEANT STEPHEN J.
VOLPE [TAX REG. #939667], SERGEANT JOSEPH E.
KOSEK [TAX REG. #949175], DETECTIVE JEANETTE
P. ROMAS [TAX REG. #949026], and SERGEANT
MARVIN A. LUIS [TAX REG. #950787],
                    Defendants.
-------------------------------------------------------------------X

Plaintiff, MIKE JOSIE, by his attorney, The Law Offices of UGO UZOH, P.C.,

complaining of the defendants herein, The City of New York, Detective Andrew Hunt

[Tax Reg. #941921], Sergeant Scott A. Miller [Tax Reg. #944125], Sergeant Robert H.

Mamys [Tax Reg. #913983], Detective Anthony Davila [Tax Reg. #956571], Detective

Michael G. Zweifler [Tax Reg. #961483], Sergeant John J. Zanca [Tax Reg. #952366],

Detective Patrick O. Reilly [Tax Reg. #957993], Detective Jarrett E. Nadal [Tax Reg.

#958970], Detective Daniel J. Atherley [Tax Reg. #956399], Sergeant Jason A.

Reisgerzog [Tax Reg. #955370], Detective Johnathan R. Dias [Tax Reg. #955877], Detective Harry J. Hughes [Tax Reg. #954947], Detective Christopher Hosein [Tax Reg. #959417], Sergeant Richard P. Sagistano [Tax Reg. #939402], Detective Christopher M. Feely [Tax Reg. #948956], Detective Jonathan E. Burtt [Tax Reg. #960298], Detective Christopher V. DiGiorgio [Tax Reg. #961730], Detective Villegas, Sergeant Stephen J. Volpe [Tax Reg. #939667], Sergeant Joseph E. Kosek [Tax Reg. #949175], Detective Jeanette P. Romas [Tax Reg. #949026], and Sergeant Marvin A. Luis [Tax Reg. #950787] (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

THE PARTIES

6.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

7.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9.      Defendant Detective Andrew Hunt [Tax Reg. #941921] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10.     Defendant Sergeant Scott A. Miller [Tax Reg. #944125] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant Sergeant Robert H. Mamys [Tax Reg. #913983] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Detective Anthony Davila [Tax Reg. #956571] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendant Detective Michael G. Zweifler [Tax Reg. #961483] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

14.     Defendant Sergeant John J. Zanca [Tax Reg. #952366] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

15.     Defendant Detective Patrick O. Reilly [Tax Reg. #957993] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

16.     Defendant Detective Jarrett E. Nadal [Tax Reg. #958970] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

17.     Defendant Detective Daniel J. Atherley [Tax Reg. #956399] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

18.     Defendant Sergeant Jason A. Reisgerzog [Tax Reg. #955370] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

19.     Defendant Detective Johnathan R. Dias [Tax Reg. #955877] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

20.     Defendant Detective Harry J. Hughes [Tax Reg. #954947] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

21.     Defendant Detective Christopher Hosein [Tax Reg. #959417] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

22.     Defendant Sergeant Richard P. Sagistano [Tax Reg. #939402] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

23.     Defendant Detective Christopher M. Feely [Tax Reg. #948956] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

24.     Defendant Detective Jonathan E. Burtt [Tax Reg. #960298] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

25.     Defendant Detective Christopher V. DiGiorgio [Tax Reg. #961730] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

26.     Defendant Detective Villegas was at all times material herein a detective employed by the NYPD. S/he is named here in his or her official and individual capacities.

27.     Defendant Sergeant Stephen J. Volpe [Tax Reg. #939667] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

28.     Defendant Sergeant Joseph E. Kosek [Tax Reg. #949175] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

29.     Defendant Detective Jeanette P. Romas [Tax Reg. #949026] was at all times material herein a detective employed by the NYPD. She is named here in her official and individual capacities.

30.     Defendant Sergeant Marvin A. Luis [Tax Reg. #950787] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

31.     Defendants Hunt, Miller, Mamys, Volpe, Kosek, Romas, and Luis are collectively referred to herein as "Hunt defendants".

32.     Defendants Davila, Zweifler, Zanca, and Nadal are collectively referred to herein as "Davila defendants".

33.     Defendants Reilly, Nadal, Atherley, Reisgerzog, Dias, Hughes, Hosein, Sagistano, Feely, Burtt, Degiorgio, and Villegas are collectively referred to herein as "Reilly defendants".

34.     Hunt defendants, Davila defendants, and Reilly defendants are collectively referred to herein as "defendant officers"

35.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The June 26, 2019, Incident

36.     On June 26, 2019, at approximately 6:00 a.m., Hunt defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of his home which is located at 354 Bristol Street, Apt. B, Brooklyn, New York, and charged plaintiff with various crimes including two counts of N.Y. PL 155.30(1) 'Grand larceny in the fourth degree'.

37.     Plaintiff, however, did not steal any property, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

38.     Initially, Hunt defendants forced their way into the plaintiff's home without any warrant or authority damaging and/or destroying the plaintiff's properties and waking him up from sleep in the process.

39.     Upon entry, Hunt defendants immediately rushed towards plaintiff with their guns directly pointed at him yelling, grabbing, pushing, shoving, and pulling him in the process.

40.     Eventually, plaintiff was tightly handcuffed with his hands placed behind his back causing the plaintiff to experience pain and numbness.

41.     Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

42.     Plaintiff pleaded with Hunt defendants to remove or loosen the handcuffs.

43.     Hunt defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

44.     Hunt defendants subjected the plaintiff to an illegal search.

45.     Hunt defendants' illegal search of the plaintiff did not yield any contraband.

46.     Notwithstanding, Hunt defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-88th Precinct.

47.     While at the precinct, Hunt defendants subjected the plaintiff to an illegal and unlawful search.

48.     Hunt defendants' illegal search of the plaintiff did not yield any contraband.

49.     Hunt defendants interrogated the plaintiff at the precinct for a lengthy period of time asking him questions about guns and gangs.

50.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

51.     At some point following his arrest, Hunt defendants met with prosecutors employed by the Kings County District Attorney's Office.

52.     During this meeting, Hunt defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

53.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

54.     On or about June 27, 2019, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with various crimes including two counts of N.Y. PL 155.30(1) 'Grand larceny in the fourth degree', N.Y. PL 165.45(1) 'Criminal possession of stolen property in the fourth degree', N.Y. PL 155.25 'Petit larceny', and N.Y. PL 165.40 'Criminal possession of stolen property in the fifth degree'.

55.     Plaintiff was eventually released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

56.     Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

57.     On or about October 31, 2019, the false charges levied against plaintiff were summarily dismissed by the prosecutors because of the lack of any evidence supporting the charges against the plaintiff.

The August 1, 2019, Incident

58.     On August 1, 2019, at approximately 1:00 a.m., Davila defendants, acting in concert, arrested plaintiff without cause at or close to the corner of Throop Avenue and Madison Street, Brooklyn, New York, and charged plaintiff with various crimes including N.Y. PL 155.30(8) 'Grand larceny in the fourth

degree', N.Y. PL 165.45(1) 'Criminal possession of stolen property in the fourth degree', N.Y. PL 165.05(1) 'Unauthorized use of a vehicle in the third degree', and N.Y. PL 120.20 'Reckless endangerment in the second degree'.

59.    Plaintiff, however, did not steal any property, was not in possession of any stolen property, did not use any vehicle without authorization, did not engage in any reckless conduct, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

60.    Prior to the arrest, plaintiff had hitched a bike ride from his friend to get to another friend's house.

61.    Plaintiff eventually hopped off the bike upon getting close to his destination.

62.    As soon as plaintiff got off the bike, he was bum-rushed by Davila defendants.

63.    Davila defendants proceeded to forcibly grab the plaintiff and tightly handcuffed him with his hands placed behind his back causing the plaintiff to sustain cuts and bruises on his wrists and arms.

64.    Davila defendants then proceeded to forcibly push the plaintiff down to the floor and held him down with their feet on his back, pinning him face down to the floor.

65.    Plaintiff enquired as to the reason for the arrest.

66.    Davila defendants ignored the plaintiff's inquiries.

67.    Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

68.    Plaintiff pleaded with Davila defendants to remove or loosen the handcuffs.

69.    Davila defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

70.    Davila defendants subjected the plaintiff to an illegal search.

71.    Davila defendants' illegal search of the plaintiff did not yield any contraband.

72.    Notwithstanding, Davila defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-79th Precinct.

73.     While at the precinct, Davila defendants subjected the plaintiff to an illegal and unlawful search.

74.     Davila defendants' illegal search of the plaintiff did not yield any contraband.

75.     Nonetheless, Davila defendants continued to detain the plaintiff at the precinct.

76.     Davila defendants ceaselessly interrogated the plaintiff during his arrest and detention asking him questions about guns and gangs.

77.     Plaintiff requested Davila defendants to transport him to the hospital for treatment for his injuries.

78.     Davila defendants refused the plaintiff's entreaties.

79.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

80.     At some point following his arrest, Davila defendants met with prosecutors employed by the Kings County District Attorney's Office.

81.     During this meeting, Davila defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

82.     Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

83.     The prosecutors subsequently conducted an independent investigation and concluded that there was no evidence of any crime committed by the plaintiff.

84.     As a result, the prosecutors declined to prosecute the plaintiff.

85.     After detaining the plaintiff for a lengthy period of time, defendant officers summarily released the plaintiff from his unlawful detention.

The December 30, 2020, Incident

86.     On December 30, 2020, at approximately 6:30 a.m., Reilly defendants, acting in concert, arrested plaintiff without cause at or within the vicinity of

his home which is located at 354 Bristol Street, Apt. B, Brooklyn, New York, and charged plaintiff with various crimes including N.Y. PL 160.05 'Robbery in the third degree'.

87. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

88. Initially, Reilly defendants forced their way into the plaintiff's home without any warrant or authority damaging and/or destroying the plaintiff's properties and waking him up from sleep in the process.

89. Upon entry, Reilly defendants immediately rushed towards plaintiff with their guns directly pointed at him yelling, grabbing, pushing, shoving, and pulling him in the process.

90. Eventually, plaintiff was tightly handcuffed with his hands placed behind his back causing the plaintiff to experience pain and numbness.

91. Plaintiff complained that the handcuffs were too tight and were causing him to experience pain and numbness.

92. Plaintiff pleaded with Reilly defendants to remove or loosen the handcuffs.

93. Reilly defendants ignored the plaintiff's entreaties to remove or loosen the handcuffs.

94. Reilly defendants subjected the plaintiff to an illegal search.

95. Reilly defendants' illegal search of the plaintiff did not yield any contraband.

96. Notwithstanding, Reilly defendants forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-79th Precinct.

97. While at the precinct, Reilly defendants subjected the plaintiff to an illegal and unlawful search.

98. Reilly defendants' illegal search of the plaintiff did not yield any contraband.

99. Reilly defendants interrogated the plaintiff at the precinct for a lengthy period of time asking him questions about guns and gangs.

100. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

101. At some point following his arrest, Reilly defendants met with prosecutors employed by the Kings County District Attorney's Office.

102.    During this meeting, Reilly defendants stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their police records and reports.

103.    Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

104.    On or about December 31, 2020, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with various crimes including N.Y. PL 160.05(1) 'Robbery in the third degree', N.Y. PL 155.25 'Petit larceny', N.Y. PL 165.40 'Criminal possession of stolen property in the fifth degree', N.Y. PL 110/120.00(1) 'Attempted Assault in the third degree', N.Y. PL 120.15 'Menacing in the third degree', and N.Y. PL 240.26(1) 'Harassment in the second degree'.

105.    Plaintiff was eventually released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

106.    Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

107.    On or about April 20, 2021, the false charges levied against plaintiff were summarily dismissed by the prosecutors because of the lack of any evidence supporting the charges against the plaintiff.

108.    Upon information and belief, the Hunt defendants and the Reilly defendants conducted surveillance of the plaintiff's home on numerous occasions prior to his June 26, 2019 and December 30, 2020 arrests, harassed, bullied, and intimidated the plaintiff and his family members by, among other things, repeatedly banging on their windows and entrance door and maintaining a heavy police presence in and around the plaintiff's home, forced their way into the plaintiff's home without any warrant or authority on numerous occasions, and searched the plaintiff's home on numerous occasions without any warrant or authority including, but not limited to, on November 22, 2020, December 7, 2020, December 10, 2020, and December 21, 2020.

109.    Each and every officer who responded to and/or was present at the location of the arrest(s), unlawful entry, searches and seizures, and at the precinct

and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

110. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

111. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

112. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113. Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

114. The conduct of defendant officers, as described herein, amounted to false arrest.

115. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

116. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against Hunt defendants and Reilly defendants

117. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 116 of this complaint as though fully set forth herein.

118. Defendant officers forwarded to the prosecutors their falsified records and statements.

12

119.    Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

120.    Plaintiff was arraigned on a criminal court complaint sworn to by Hunt defendants and Reilly defendants falsely charging the plaintiff with crime(s).

121.    Plaintiff was required to, and did, appear in court to defend himself from the false charge(s) levied against him with malice by said defendants.

122.    Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

123.    Eventually, because the defendants did not have any evidence supporting the charges against the plaintiff, the criminal proceedings terminated in the plaintiff's favor.

124.    The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to malicious prosecution.

125.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

126.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Hunt defendants and Reilly defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against Hunt defendants and Reilly defendants

127.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 126 of this complaint as though fully set forth herein.

128.    Hunt defendants and Reilly defendants manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

129.    The plaintiff was deprived of his liberty as a result.

130.    The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

13

131.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

132.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Hunt defendants and Reilly defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

133.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 132 of this complaint as though fully set forth herein.

134.    Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of his person and property.

135.    The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

136.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

137.    Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against Davila defendants

138.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 137 of this complaint as though fully set forth herein.

139.    The conduct of defendant officers, as described herein, amounted to excessive use of force.

140.    Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

14

141.  Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

SIXTH CAUSE OF ACTION: UNLAWFUL ENTRY - against Hunt defendants and Reilly defendants

142.  By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 141 of this complaint as though fully set forth herein.

143.  The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to unlawful entry.

144.  Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

145.  Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the Hunt defendants and Reilly defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

146.  By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 145 of this complaint as though fully set forth herein.

147.  That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

148.  Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

149.  Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

150.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendant officers, individually and severally.

EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, & 12 - against defendants (except for defendant City of New York with respect to December 30, 2020, Incident)

151.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 150 of this complaint as though fully set forth herein.

152.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

153.     In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

154.     The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, & 12 of the New York Constitution.

155.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants (except for defendant City of New York with respect to December 30, 2020, Incident)

156.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 155 of this complaint as though fully set forth herein.

157.     The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

158.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against Hunt defendants, Reilly defendants, and defendant City of New York (except for defendant City of New York with respect to December 30, 2020, Incident)

159.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 158 of this complaint as though fully set forth herein.

160.     The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to malicious prosecution.

161.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the aforesaid defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants (except for defendant City of New York with respect to December 30, 2020, Incident)

162.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 161 of this complaint as though fully set forth herein.

163.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

164.     The conduct of the defendants, as described herein, amounted to assault and battery.

165.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (TRESPASS) - against Hunt defendants, Reilly defendants, and defendant City of New York (except for defendant City of New York with respect to December 30, 2020, Incident)

166.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 165 of this complaint as though fully set forth herein.

167.     Hunt defendants and Reilly defendants unlawfully entered into plaintiff's premises.

168.     Hunt defendants and Reilly defendants performed an unlawful search of the premises, and subjected plaintiff to an unreasonable search and seizure.

169.     The conduct of Hunt defendants and Reilly defendants, as described herein, amounted to trespass.

170.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the aforesaid defendants, individually and severally.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a.     For compensatory damages against all defendants in an amount to be proven at trial;

b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d.     For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       October 30, 2023

18

UGO UZOH, P.C.


By:    *Ugochukwu Uzoh*

           Ugochukwu Uzoh
           Attorney for the Plaintiff
           56 Willoughby Street, Third Floor
           Brooklyn, N.Y. 11201
           Tel. No: (718) 874-6045
           Fax No: (718) 576-2685
           Email: u.ugochukwu@yahoo.com